UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| MICHAEL LAURENT | * | | CIVIL ACTION |
| VERSUS | * | | NO. 22-857 |
| BANKERS INSURANCE COMPANY | * | | SECTION "I" (2) |

**ORDER AND REASONS**

Before me is Defendant Bankers Insurance Company's Motion to Quash or in the Alternative for Protective Order.  ECF No. 19.  Plaintiff Michael Laurent timely filed Opposition Memorandum.  ECF No. 24.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Bankers Insurance Company's motion is DENIED for the reasons stated herein.

I.      **BACKGROUND**

Plaintiff Michael Laurent filed suit against Bankers Insurance Company seeking to recover insurance proceeds allegedly owed for damages to his property as a result of Hurricane Zeta's landfall on October 28, 2020.  ECF No. 1, ¶¶ 6-11.  Plaintiff contends that Defendant improperly denied the claim and adjusted the claim in bad faith, entitling him to statutory penalties. *Id*. ¶¶ 13, 18, 19.

Bankers contends that Plaintiff did not report any damage to his property until March 9, 2021, after he learned of the damage on March 7, 2021.  ECF No. 19-1, at 1.  Defendant Bankers had an independent adjuster inspect the property on April 12, 2021, after which it requested pre-damage photographs of the property which were not provided until September 2021, some five months after the request. *Id*. at 1-2.  Banker's desk adjuster Jennifer Talbert, who did not inspect the property, began handling the claim on September 3, 2021. *Id*. at 2.  She referred the matter to

1

counsel on January 10, 2022.  *Id.*  Defendant contends that, between the assignment to counsel on January 10, 2022 and Plaintiff's filing of suit on April 1, 2022, Talbert and counsel exchanged numerous emails and communications regarding the claim and lawsuit, which contain thoughts, evaluations and conclusions of counsel.  *Id.* at 2.

Plaintiff issued a notice of deposition directed to, among others, Jennifer Talbert of Bankers Insurance Company.  ECF No. 19-2.  In response, Defendant seeks to quash the deposition notice on the basis that the deposition will infringe on privileged and protected communications and information.  ECF No. 19-1, at 1.  Alternatively, Defendant seeks a protective order preventing Plaintiff from asking any questions that pertain to attorney-client communications, documents prepared in anticipation of litigation and work product.  *Id.*  Defendant also seeks to preclude Plaintiff from asking any questions to Ms. Talbert regarding coverage under the policy as that is a legal issue over which Ms. Talbert's understanding has no potential relevance.  *Id.*

Plaintiff opposes the motion, asserting that it is premised on the erroneous assumption that he intends to ask questions that invade the attorney-client privilege or work product doctrine or that he intends to have Ms. Talbert interpret the insurance contract.  ECF No. 24, at 1, 4.  Plaintiff further disputes the assertion that Ms. Talbert was engaged "at a time when litigation was anticipated" and instead asserts that, based on October 2021 emails, Ms. Talbert was adjusting the claim in the normal course of business.  *Id.* at 2-3.  Plaintiff contends that Ms. Talbert is an essential fact witness as she was responsible for reviewing and processing the claim for months before counsel became involved.  *Id.* at 3.  Plaintiff also asserts that Bankers has failed to satisfy its burden to establish that the anticipated testimony is protected by work product.  *Id.* at 4.

## II.   APPLICABLE LAW

### A.  Scope of Discovery

Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[1]   Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[2]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[3]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[4]  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[5]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to, other matters that could bear on, any issue that is or may be in the case."[6]  Discovery should be allowed unless the party opposing discovery establishes that the

---

[1] Fed. R. Civ. P. 26(b)(1)
[2] Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).
[3] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[4] *Id.* at 596 n.5 (citation omitted).
[5] *Id.*
[6] *Id*. at 590 (citations omitted).

information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7]  If relevance is in doubt, the court should be permissive in allowing discovery.[8]

B.  **The Attorney-Client Privilege**

The attorney-client privilege is the oldest of the privileges for confidential communications.[9]  The purpose of the attorney-client privilege is well-established: to encourage candid communications between client and counsel.[10]  The applicability of the attorney-client privilege "is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents."[11]

Not all communications between a client and his or her attorney are protected by the attorney-client privilege.[12]  While the attorney-client privilege extends to all situations in which counsel is sought on a legal matter, it protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[13]  The attorney-client privilege therefore does not attach to every communication between a client and counsel, as the privilege "does not embrace everything that arises out of the existence of an attorney-client relationship."[14]

"What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer."[15]  A party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show:  (1) that he made a

---

[7] *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[9]  *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985).
[10] *Upjohn Co. v. United States*, 449 U.S. 383, 389–91 (1981).
[11] *Hodges,* 768 F.2d at 721.
[12] *United States v. Pipkins*, 528 F.2d 559, 562–63 (5th Cir. 1976) (stating that the attorney-client privilege "is not a broad rule of law which interposes a blanket ban on the testimony of an attorney.").
[13] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (citations omitted).
[14] *Pipkins*, 528 F.2d at 563.
[15] *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (internal quotations and citation omitted); *see also Hodges,* 768 F.2d at 720.

*confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of

securing either a legal opinion or legal services, or assistance in some legal proceeding."[16]

## C. **The Work Product Doctrine**

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents

prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. Proc. 26(b)(3).  The work product doctrine protects two categories of materials:

ordinary work-product and opinion work product.[17]

The Fifth Circuit has described the standard for determining whether a document has been

prepared in anticipation of litigation as follows:

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine.  We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[18]

"In the realm of insurance claims and litigation, the analysis of whether documents were prepared

in anticipation of litigation becomes more complicated.  This is primarily because insurance

---

[16] *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original).
[17] *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981) (holding that the standard applied to attorneys' mental notes on the oral communications with a witness represent mental processes and cannot be disclosed based on a simple showing of substantial need and inability to obtain the equivalent without undue hardship).
[18] *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit A 1981) (citations omitted); *accord In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (citation omitted).

companies are in the business of conducting, investigating and evaluating claims against its policies."[19]

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[20]  This requires a determination, based upon evidence and not mere argument, that the principal factor motivating the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice.  To carry its burden to establish work product protection, Defendant

> must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.[21]

Mere proximity in time between the subject incident, the taking of the statement and the commencement of litigation – while a factor to be considered – is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[22]  On the other hand, "[t]he mere fact that a document is prepared when litigation is

---

[19] *Kansas City S. Ry. Co. v. Nichols Constr. Co.*, No. 05-1182, 2007 WL 2127820, at *3 (E.D. La. July 25, 2007) (citing *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825, at *2 (E.D.La.2000)).
[20] *Houston Cas. Co. v. Supreme Towing Co*., No. CV 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (citation omitted).
[21] Paul R. Rice, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 11:10 at 977-80 (Lawyers Coop. 1993) (emphasis added).
[22] *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (citing *In re Kaiser Alum. & Chem. Co*., 214 F.3d 586, 593 (5th Cir. 2000)) (internal quotation omitted) (emphasis added).

foreseeable does not mean the document was prepared in anticipation of litigation . . . ."[23]  Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'"[24]

In addition, "[t]he law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'"[25]  "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[26]

When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work product protection, proving both substantial need for and undue hardship in obtaining materials protected by the work product doctrine, or otherwise.[27]  If the movant makes a particularized

---

[23] *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 19 F.3d 1432, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)).
[24] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting *In re Kaiser Alum.*, 214 F.3d at 593) (emphasis added), *rev'd on other grounds*, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord Global Oil Tools, Inc. v. Barnhill*, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997).
[25] *Guzzino*, 174 F.R.D. at 62 (quoting *United States v. El Paso Co.*, 682 F.3d 530, 542 (5th Cir. 1982)); *accord* 8 C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 (3d ed. 2010); *see also Hill Tower, Inc. v. Department of Navy*, 718 F. Supp. 562, 565 (N.D. Tx. 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citations omitted).
[26] *Global Oil Tools*, 2013 WL 1344622, at *6 (citing *S. Scrap Mat'l Co. v. Fleming*, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003) (emphasis omitted); *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825, at *2 (E.D. La. Aug, 11, 2000)).
[27] Fed. R. Civ. P. 26(b)(3); *Hodges*, 768 F.2d at 721 (citations omitted); *In re Int'l Sys. & Controls Corp. Secs. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)); *In re Blessey Enters., Inc.*, 2009 WL 5915367 at *1 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (M.D. La. Feb. 19, 2010).

showing that a witness cannot recall the event in question or is unavailable, this may constitute undue hardship.[28]

### D. Standard for Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[29] The trial court enjoys wide discretion in setting the parameters of a protective order.[30]

## III. ANALYSIS

Initially, neither the attorney-client privilege nor work product doctrine protects underlying facts.[31] Further, Bankers, as the party asserting privilege and/or work product protection, bears the burden of proof sufficient to substantiate its claims and cannot rely merely on a blanket assertion of privilege.[32] In their briefing, both parties have addressed the issues raised by

---

[28] *In re Int'l Sys.*, 693 F.2d at 1240 (citation omitted).

[29] *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

[30] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[31] *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (recognizing that "privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"); *In re Int'l Sys.* 693 F.2d at 1240 (noting that "the work product immunity protects only the documents themselves and not the underlying facts").

[32] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Ingraham v. Planet Beach Franchising Corp.*, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (citing *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)); *Kiln Underwriting Ltd. v. Jesuit High Sch.*, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (citing *Hodges*, 768 F.2d at 721; *United States v.*

Defendant's motion as if they may be resolved in the abstract, on briefing and argument as a matter of law.  To the contrary, however, the assessment of privilege must be done on a case-by-case basis rather than a blanket assertion of privilege over particular categories.[33]  Likewise, as to work product, the primary fact-finding is based upon evidence by an affiant with personal knowledge as to whether the principal factor motivating for the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice.[34]  Without explanatory testimony by affidavit, deposition or otherwise from the person or person who prepared the documents at issue, the court cannot determine the motivating purpose behind the creation of any document.[35]

The fact that a deposition examination may implicate attorney-client privilege communications or work product does not preclude the deposition entirely.  To accept that position would be counter to longstanding precedent prohibiting blanket assertions of privilege and recognizing that privilege issues must be addressed on a case-by-case basis.[36]  Deposition

---

*Impastato*, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.) (citing *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985); *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978); *High Tech Commc'ns, Inc. v. Panasonic Co.*, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (citing *Hodges*, 768 F.2d at 721).

[33] *See Turner v. Grumpy, LLC*, No. 2:08-49-P-A, 2009 WL 259927, at *2 (N.D. Miss. Feb. 2, 2009) (stating any document being withheld because it is protected by . . . work product must be identified in a privilege log) ("Blanket assertions of privilege, however, are unacceptable and the court and the other parties must be able to test the merits of the privilege claim." (citing *Liberty Mut. Ins. Co. v. Tedford*, No. 3:07CV73-A-A, 2008 WL 2223283, at *1 (N.D. Miss. May 21, 2008) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981))); *Chemtech Royalty Assocs., L.P. v. United States*, Nos. 5-944, 6-258, 7-405, 2009 WL 854358, at *3 (M.D. La. Mar. 30, 2009) ("The mere assertion of a lawyer that responsive materials or information are . . . protected by the work product doctrine is not evidence establishing that the information is privileged . . . blanket assertions are unacceptable.") (internal quotations and citations omitted).

[34] *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4974886, at *3 (E.D. La. Nov. 20, 2008) ("An evidentiary showing in the context of the work product doctrine can generally be borne through affidavits.") (citing *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006)).

[35] *Id.* (citing *Roxworthy*, 457 F.3d at 597 ("[A] party may satisfy its burden showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories.")).

[36] *See Hodges, Grant & Kaufman v. United States,* 768 F.2d 719, 721 (5th Cir. 1985) (noting the burden of establishing that document is work product is on party asserting claim, but the burden of showing materials that constitute work product should nonetheless be disclosed is on party seeking production); *United States v. El Paso Co.*, 682 F.2d 530, 539, 541 (5th Cir. 1982) (holding party made blanket assertion of privilege as to all documents and thus failed to particularize its assertion as to any specific document).

questions that implicate the attorney-client privilege or work product doctrine can be addressed by counsel on a case-by-case basis during the deposition, carefully allowing the witness to answer fact-based inquiries and precluding the witness from providing legal opinions, applying the law to any given facts, or sharing any attorney-client communication or work product.

### E. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Bankers Insurance Company's  Motion to Quash or in the Alternative, for Protective Order (ECF No. 19) is DENIED.

New Orleans, Louisiana, this 25th day of July, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE